IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**QUILTON MCGEE**                                                    **PLAINTIFF**

V.                                                       NO. 3:22-CV-215-DMB-RP

**FELDER SERVICES, LLC; and
LAFAYETTE LTC, INC dba
Oxford Health and Rehabilitation
Center**                                                    **DEFENDANTS**

**ORDER**

On October 30, 2023, the parties filed a "Joint Motion to Seal, or, Alternatively, Strike and Replace, Exhibits to Motions for Summary Judgment."[1] Doc. #80. Specifically, the parties request that Exhibit B to Lafayette LTC's motion for summary judgment and Exhibit 1 to Felder Services' motion for summary judgment—which exhibits consist of the same document—"be sealed from public access only, with CM/ECF access permitted to the litigants' counsel." Doc. #81 at PageID 1646–47, 1648. Alternatively, they request "an order instructing the Clerk of the Court to strike [such exhibits] from the public record and permitting Defendants to file corrected exhibits with John Doe's identity redacted." *Id.* at PageID 1648–49. As cause, the parties represent that (1) United States Magistrate Judge Roy Percy issued a September 19 protective order regarding the name and private sexual orientation of an individual identified by McGee during discovery and referenced in the parties' summary judgment briefing and Judge Percy's order as "John Doe;" (2) Judge Percy's order required that "[i]n any portions of any deposition or other discovery identifying John Doe by name and that is filed on the public record of this case, John

---

[1] The parties initially filed the joint motion on October 27, 2023, *see* Doc. #78, but the Clerk of Court instructed them to refile it.

Doe's name must be redacted;" and (3) the defendants' counsel discovered on October 26 that McGee's "unredacted deposition transcript had been inadvertently submitted as Exhibit 'B' to [Lafayette LTC's] Motion for Summary Judgment and Exhibit '1' to Felder's Motion for Summary Judgment," which transcript "contains certain limited information subject to the Court's protective Order."[2] *Id*. at PageID 1646–47.

Local Rule 79 mandates that no document may be sealed without a court order. L.U. Civ. R. 79(b), (d). There is a "presumption in favor of the public's access to judicial records" and the decision whether to order judicial records sealed is committed to the sound discretion of the district court, which must balance "the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021). Generally, where the document sought to be sealed is an exhibit to a dispositive motion, the weight afforded to the public's common law right of access is necessarily greater. *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312–13, 1313 n.11 (11th Cir. 2001); *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). However, "personally identifying information (i.e., sexual orientation) … is highly sensitive and perhaps even more deserving of protection than bank records, social security numbers, medical records, school records and other sensitive personal identifying information, all of which are protected from public disclosure by … federal regulations and/or statutes." *Vaughn v. St. Tammany Par. Sch. Bd.*, No. 4-1633, 2006 WL 950109, at *2 (E.D. La. Apr. 7, 2006), *aff'd*, 2006 WL 8456207 (E.D. La. June 21, 2006).

The Court concludes that the interest in protecting private information about a non-party's sexual orientation is significant but that sealing the entirety of an exhibit to a dispositive motion

---

[2] A "protective order entered by the court to govern discovery will not qualify as an order to seal documents for purposes of [Local Rule 79]." L.U. Civ. R. 79(d).

to protect such information—particularly where, as here, the private information is minimal[3] and redaction is a better and feasible procedure—unnecessarily deprives the public of its right of access. So, the joint motion [80] is **GRANTED in Part and DENIED in Part**. The joint motion is GRANTED to the extent it seeks to strike the subject exhibits and permission to refile them as redacted exhibits. The joint motion is DENIED in all other respects. The exhibits [73-2][74-1] are **STRICKEN**. No later than November 17, 2023, the defendants may file a redacted version of their respective stricken exhibits.

    **SO ORDERED**, this 15th day of November, 2023.

                                              /s/Debra M. Brown
                                              **UNITED STATES DISTRICT JUDGE**

---

[3] According to the parties, the unredacted "deposition transcript contains a single reference to John Doe's last name only." Doc. #81 at PageID 1647 n.1.