IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**QUILTON MCGEE**     **PLAINTIFF**

V.     NO. 3:22-CV-215-DMB-RP

**FELDER SERVICES, LLC; and
LAFAYETTE LTC, INC dba Oxford
Health and Rehabilitation Center**     **DEFENDANTS**

**ORDER**

On October 6, 2022, Quilton McGee filed a complaint in the United States District Court for the Northern District of Mississippi against Felder Services, LLC, and Lafayette LTC, Inc dba Oxford Health and Rehabilitation. Doc. #1. The complaint contains four counts: (1) "Count I: Sex Discrimination Under Title VII by Felder;" (2) "Count II: Wrongful Termination Under Mississippi Tort Law by Felder;" (3) "Count III: Wrongful Termination/Failure to Hire Under Mississippi Tort Law by Oxford Health;" and (4) "Count IV: Tortious Interference by Felder." *Id.* at 7–9. On December 18, 2023, the parties, pursuant to Rule 41(a)(ii), stipulated to the dismissal without prejudice of all McGee's claims against Felder, leaving only the state law claim against Oxford Health. *See* Doc. #101 at 1 ("McGee's claims against Oxford [Health] are not dismissed.").

The claims dismissed against Felder include the Title VII claim in Count I, which is the only federal claim alleged in McGee's complaint. *See* Doc. #1. So this Court now "must exercise its discretion whether to exercise supplemental jurisdiction" over the remaining state law claim against Oxford Health.[1] *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999). District courts may decline to exercise supplemental jurisdiction if:

---

[1] The complaint alleges "jurisdiction is proper … under 28 U.S.C. § 1331 because this claim arises under federal law, specifically Title VII." Doc. #1 at 2. Though the complaint does not specifically allege supplemental jurisdiction for McGee's state law claims, "failure to expressly plead supplemental jurisdiction will not defeat [a case originally filed

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In addition to the § 1367(c) factors, the "common law factors of judicial economy, convenience, fairness, and comity" should also be considered. *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011). "As a general rule, a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Alphonse v. Arch Bay Holdings, LLC*, 618 F. App'x 765, 769 (5th Cir. 2015) (cleaned up); *accord Spell v. Edwards*, No. 22-30075, 2023 WL 2110889, at *6 n.14 (5th Cir. Feb. 17, 2023); *Bass*, 180 F.3d at 246. "[B]ut this rule is neither mandatory nor absolute; no single factor is dispositive." *Brookshire Bros. Holding, Inc., v. Dayco Prods.*, 554 F.3d 595, 602 (2009).

Here, the common law factors weigh in favor of the Court declining supplemental jurisdiction. Judicial economy does not require maintaining supplemental jurisdiction where the state law claims have not yet been tried. *Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rouge Par.*, 373 F. App'x 438, 443 n.20 (5th Cir. 2010). And where the federal claim has been settled prior to trial, "considerations of judicial efficiency and economy can no longer justify the continued

---

in federal court] if the facts alleged in the complaint satisfy the jurisdictional requirements." *Heinson v. Carabin & Shaw, P.C.*, 832 F.3d 224, 232 (5th Cir. 2016). "Federal district courts have 'supplemental jurisdiction over all … claims that are so related to claims in the action within [the district court's] original jurisdiction that they form part of the same case or controversy under Article III.'" *D'Onofrio v. Vacation Publ'ns., Inc.*, 888 F.3d 197, 206 (5th Cir. 2018) (quoting 28 U.S.C. § 1367(a)). McGee's complaint alleges sufficient facts to establish that his state law claims are part of the same case or controversy as his federal law claim. *See* Doc. #1 at 6–10 (alleging that in violation of Mississippi law, Oxford Health failed to hire McGee after learning that McGee was terminated by Felder, which termination McGee claims was a violation of Title VII).

exercise of federal jurisdiction over ancillary state-law claims." *Sw. Motor Transp., v. Giraffe Logistics*, No. 9-cv-143, 2009 WL 3427358, at *2 (W.D. Tex. Oct. 23, 2009) (quoting *Waste Sys., v. Clean Land Air Water Corp.*, 683 F.2d 927, 931 (5th Cir. 1982)).  Further, it could not be unfair or inconvenient for the state law claim to be heard in state court.  *Enochs*, 641 F.3d at 160; *see Parker & Parsley Petroleum v. Dresser Indus.*, 972 F.2d 580, 587, 588 (5th Cir. 1992) (dismissal of state law claims "a few weeks" before trial would not be inconvenient or unfair because "[l]ittle new legal research would be necessary, as the surviving claims were governed by state law, in either forum" and "the parties would not have to repeat the effort and expense of the discovery process.").  Lastly, "comity demands that the important interests of federalism and comity be respected by federal courts, which are courts of limited jurisdiction and not as well equipped for determinations of state law as are state courts," *Enochs*, 641 F.3d at 160 (internal quotations and citation omitted), particularly here where McGee contends Oxford Health violated specific Mississippi statutes.  *See* Doc. #1 at 9 (alleging violations of Miss. Code Ann. §§ 97-23-19 and 67-3-15).

Regarding the § 1367(c) factors, while McGee's claim against Oxford Health does not appear to raise a complex or novel issue of state law, the only claim over which this Court had original jurisdiction has been dismissed.  *See* 28 U.S.C. § 1367(c)(3); *Spell*, 2023 WL 2110889, at *6 (generally pendent claims are dismissed when all federal claims are dismissed before trial).  Consequently, the state law claim "predominates over" the dismissed federal claim.  *Enochs*, 641 F.3d at 159 ("state law claims predominate over the non-existent federal claims").  Finally, there is a compelling reason to decline jurisdiction because the common law factors weigh in favor of the state law claim not being addressed by this Court.  *See id.* ("[T]he heavy balance of the common law factors in favor of remand constitutes another compelling reason to decline jurisdiction.").  So

the majority of the §1367(c) factors also weigh in favor of this Court declining to exercise jurisdiction over the state law claim.

Because consideration of the § 1367(c) factors and common law factors weigh against this Court retaining supplemental jurisdiction over McGee's state law claim against Oxford Health, McGee's state law claim against Oxford Health is **DISMISSED without prejudice**. The pending motions [73][84][89][94] are **DENIED without prejudice**.

**SO ORDERED**, this 5th day of January, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**